Local Form 3015-1 (1/22)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:
**Janine Lamont McQuillan**

Case No. **23-41493**
CHAPTER 13 PLAN ✓ Modified
Dated: **June 17, 2024**

Debtor.
In a joint case, debtor means debtors in this plan.

**Part 1. NOTICE OF NONSTANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE:** Debtor must check the appropriate boxes below to state whether or not the plan includes each of the following items:

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 9 or 16 | ☐ Included | ✓ Not included |
| 1.2 | Avoidance of a security interest or lien, set out in Part 16 | ☐ Included | ✓ Not included |
| 1.3 | Nonstandard provisions, set out in Part 16 | ✓ Included | ☐ Not included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE:** The initial plan payment is due not later than 30 days after the order for relief, unless the court orders otherwise.

2.1 As of the date of this plan, the debtor has paid the trustee $ **3,453.92** .

2.2 After the date of this plan, the debtor will pay the trustee:

| Plan payment | Start MM/YYYY | End MM/YYYY | Total |
|---|---|---|---|
| $425.00 | 06/2024 (26 months) | 07/2026 | $11,050.00 |
| $700.00 | 08/2026 (24 months) | 07/2028 | $16,800.00 |
| | | TOTAL: | $27,850.00 |

2.3 The minimum plan length is ✓ 36 months or ☐ 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
2.4 The debtor will also pay the trustee **an additional payment of $796.08 by December 31, 2024 to make up for missed payments and a lump sum payment of $39,000 by January 2028** .
2.5 The debtor will pay the trustee a total of $ **71,100.00** [lines 2.1 + 2.2 + 2.4]

**Part 3. PAYMENTS BY TRUSTEE AND TRUSTEE'S FEES:** Prior to confirmation of the plan, the trustee will pay from available funds payments designated as Adequate Protection ("Adq. Pro.") under Parts 8 and 9 to creditors with claims secured by personal property. All other funds will be disbursed by the trustee following confirmation of the plan as soon as is practicable. The trustee will pay from available funds only to creditors for which proofs of claim have been filed. The trustee is not required to retain funds for any claim for which a proof of claim has not been timely filed and may disburse those funds to other claimants. The trustee may collect a fee of up to 10% of plan payments, or $ **7,110.00** [line 2.5 x .10]

**Part 4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]** — The debtor assumes the following executory contracts or unexpired leases. Debtor will pay directly to creditors all payments that come due after the date the petition was filed. Cure provisions, if any, are set forth in Part 7.

| | Creditor | Description of Property |
|---|---|---|
| 4.1 | **AT&T** | **Services and Devices** |

**Part 5. CLAIMS NOT IN DEFAULT** — Payments on the following claims are current. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any.

| | Creditor | Description of Property |
|---|---|---|
| 5.1 | **Driveway Finance Corp** | **2018 Chevrolet Trax 60,000 miles<br>Value based on purchase price.** |

**Part 6. HOME MORTGAGES IN DEFAULT (§§ 1322(b)(5) and 1322(e))** — The trustee will pay the amount of default listed in the proof of claim on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens. **All following entries are estimates.**

|  | Creditor | Amount of default | Monthly payment | Beginning in #mo./yr. | # of payments | Remaining Payments | + amount paid to date by Trustee (mod plan only) | Total payments |
|---|---|---|---|---|---|---|---|---|
| 6.1 | Select Portfolio Servicing (Pre-Petition) | $25,005.42 | Pro Rata | 06/2024 | Pro Rata | $25,005.42 | $0.00 | $25,005.42 |
| 6.2 | Select Portfolio Servicing (Post-Petition) | $9,769.75 | Pro Rata | 06/2024 | Pro Rata | $9,769.75 | $0.00 | $9,769.75 |
|  |  |  |  |  |  |  | TOTAL | $34,775.17 |

**Part 7. CLAIMS IN DEFAULT (§§ 1322 (b)(3) and (5) and 1322(e)):** The trustee will pay the amount of default listed in the proof of claim in the amount allowed on the following claims. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any. **All following entries are estimates, except for interest rate.**

|  | Creditor | Amount of default | Int. rate | Beginning in mo.yr | Monthly Payments | # of payments | Remaining Payments | + amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|---|
| 7.1 | Manor Homes of Edina HOA | $23,352.22 | 0.0 | 06/2024 | $350.00 | 26 | $9,100.00 | $0.00 | $23,352.22 |
|  |  |  |  | 08/2026 | $593.84 | 24 | $14,252.22 |  |  |
|  |  |  |  |  |  |  |  | TOTAL | $23,352.22 |

**Part 8. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5))** The trustee will pay,the amount set forth in the "Total Payments" column belowon the followingsecured claims if a proof of claim is filed andallowed. Notwithstanding a creditor's proof of claim filed before or after confirmation, the amount listed in the secured claim amount column binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with FRBP 3012(c) controls over any contrary amount. Unless otherwise specified in Part 16, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i). Any allowed unsecured portion of the claim will be paid under Part 12, Part 13, or Part 14.

| Creditor | Est. Claim amount | Secured claim amount | Int. Rate | Adq. Pro. (Check) | Begin-ning in mo./yr. | Monthly payment | # of Payments | Remaining payments | +amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|
|  |  |  |  | ☐ |  |  |  |  |  |  |
| -NONE- |  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  | TOTAL | $0.00 |

**Part 9. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325(a)) (910 vehicles and other things of value)(allowed secured claim controls over any contrary amount):** The trustee will pay the amount of the allowed secured claim listed in the proof of claim at the interest rate set forth below. Any allowed unsecured portion of the claim will be paid under Part 12, Part 13, or Part 14. All following entries are estimates, except for interest rate. Unless otherwise specified in Part 16, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. §1325(a)(5)(B)(i).

| Creditor | Est. Secured Claim amount | Int. rate | Adq. Pro. (Check) | Beginning in mo./yr. | Monthly payment | # of Payments | Remaining payments | +amount paid to date by Trustee (mod plan only) | Total payments |
|---|---|---|---|---|---|---|---|---|---|
|  |  |  | ☐ |  |  |  |  |  |  |
| -NONE- |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  | TOTAL | $0.00 |

**Part 10. PRIORITY CLAIMS (not including claims under Part 11):** The trustee will pay in full all claims entitled to priority under § 507(a)(2) through (a)(10), including the following. **The amounts listed are estimates.** The trustee will pay the allowed portion of the priority amount listed in the proof of claim.

|      | Creditor | Claim Amount | Beginning in mo.yr. | Monthly payment | # of payments | Remaining payments | +amount paid to date by Trustee (mod plan only) | =Total payments |
|------|----------|--------------|---------------------|-----------------|---------------|--------------------|-------------------------------------------------|-----------------|
| 10.1 | Attorney Fees | $3,000.00 | 09/2023 | $375.00 | 8 | $3,000.00 | $0.00 | $3,000.00 |
| 10.2 | Internal Revenue Service | $26.51 | 06/2024 | Pro Rata | Pro Rata | $26.51 | $0.00 | $26.51 |
| 10.3 | MN Dept of Revenue | $1,792.18 | 06/2024 | Pro Rata | Pro Rata | $1,792.18 | $0.00 | $1,792.18 |
|      |          |              |                     |                 |               |                    | TOTAL | $4,818.69 |

**Part 11. DOMESTIC SUPPORT OBLIGATION CLAIMS:** The trustee will pay in full all domestic support obligation claims entitled to priority under § 507(a)(1), including the following. **The amounts listed are estimates.** The trustee will pay the allowed portion of the priority amount listed in the proof of claim.

| Creditor | Claim amount | Beginning in mo./yr. | Monthly payment | # of payments | Remaining payments | + amount paid to date by Trustee (mod plan only) | =Total payments |
|----------|--------------|----------------------|-----------------|---------------|--------------------|---------------------------------------------------|-----------------|
| -NONE-   |              |                      |                 |               |                    |                                                   |                 |
|          |              |                      |                 |               |                    | TOTAL | $0.00 |

**Part 12. SEPARATE CLASSES OF UNSECURED CLAIMS** — In addition to the class of unsecured claims specified in Part 13, there shall be separate classes of non-priority unsecured creditors including the following. The trustee will pay the allowed portion of the nonpriority amount listed in the proof of claim. **All following entries are estimates.**

| Creditor | Undersecured claim amount | Interest Rate (if any) | Beginning in mo./yr. | Monthly Payment | # of Payments | Remaing payments | + amount paid to date by Trustee (mod plan only) | = Total payments |
|----------|---------------------------|------------------------|----------------------|-----------------|---------------|------------------|---------------------------------------------------|------------------|
| -NONE-   |                           |                        |                      |                 |               |                  |                                                   |                  |
|          |                           |                        |                      |                 |               |                  | TOTAL | $0.00 |

**Part 13. TIMELY FILED UNSECURED CLAIMS** — The trustee will pay holders of allowed non-priority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under Parts 3, 6, 7, 8, 9, 10, 11, and 12 their pro rata share of approximately $ **1,043.92**  [line 2.5 minus totals in Parts 3, 6, 7, 8, 9, 10, 11, and 12].

13.1    The debtor estimates that the total unsecured claims held by creditors listed in Part 8 and 9 are $ **0.00** .

13.2    The debtor estimates that the debtor's total unsecured claims (excluding those in Part 8 and 9) are $ **8,641.52** .

13.3    Total estimated unsecured claims are $ **8,641.52**  [lines 13.1 + 13.2].

**Part 14. TARDILY-FILED UNSECURED CREDITORS** — All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 6, 7, 8, 9, 10, 11, 12, and 13, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed. Tardily filed claims remain subject to objection pursuant to 11 U.S.C. §502(b)(9).

**Part 15. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:** The debtor has surrendered or will surrender the following property to the creditor. The debtor requests that the stays under §§ 362(a) and §§ 1301(a) be terminated as to the surrendered collateral upon confirmation of the plan.

|   | Creditor | Description of Property (including complete legal description of real property) |
|---|----------|--------------------------------------------------------------------------------|
|   | -NONE-   |                                                                                |

**Part 16. NONSTANDARD PROVISIONS:** The Trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Any nonstandard provisions, as defined in FRBP 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void. Any request by the debtor to modify a claim secured only by a security interest in real property that is the debtor's principal residence must be listed in this Part and the debtor must bring a motion to determine the value of the secured claim pursuant to Local Rule 3012-1(a).

| 16.1 | **\*The plan is a step plan which will pay as follows:  $425.00 Monthly for 26 months, then $700.00 Monthly for 24 months.** |
|------|------------------------------------------------------------------------------------------------------------------------------|

| 16.2 | The debtor will make a lump sum payment of $39,000.00 by January 2028 from refinancing her home once she is able.

**\*Select Portfolio Servicing: the debtor will also work directly with the mortgage lender to resolve mortgage arrears through a mortgage modification or other means, and will modify the plan as appropriate if successful.**

**Pursuant to 11 U.S.C. Section 1305, a proof of claim may be filed for taxes that become payable while the case is pending. The trustee will only pay 11 U.S.C. Section 1305 tax claims attributable to the taxable year in which the case concerning such debtor(s) was filed, and only to the extent funds are available.**

**The debtor shall send the Trustee each year during the Chapter 13 Plan, copies of his/her federal and state income tax returns at the time they are filed. If the debtor receives a refund from the federal taxing agency but owes the state taxing agency (or vice-versa), the debtor will net the two out, deduct the cost of preparing the tax returns, which debtors must verify, and pay the trustee the amount over $1,200 for a single filer, or $2,000 for a joint filer (not including any Earned Income Credit or Working Family Credit). Any additional amounts shall be turned over to the Chapter 13 trustee as additional plan payments.**

**APPROVAL NOT REQUIRED TO INCUR POST PETITION DEBT. Approval by the bankruptcy court, or Chapter 13 trustee, shall not be required prior to debtor incurring ordinary consumer debt while this case is pending. Letters of approval will not be provided by the Chapter 13 trustee and one is not needed for debtor to incur post-petition ordinary consumer debt in Minnesota. All parties in interest retain all rights regarding the treatment of this debt in future modified plans and motions to confirm such plans.**

**Upon the granting of relief from the automatic stay, the trustee shall cease payments on account of the secured portion of the applicable claim. For any claim arising from the granting of relief from the automatic stay, surrender, foreclosure, repossession, or return of any collateral to any creditor listed in Parts 4, 5, 6, 7, 8, 9, 16 or Non-standard provisions, for any reason, including plan modification, the trustee shall pay such claim as a general unsecured claim upon amendment of the applicable claim. Any alleged balance of any claim to such creditor shall be discharged upon the debtor(s) receiving a discharge in this case.**

**All secured creditors being paid direct (outside the Chapter 13 plan) on the plan may, upon confirmation of the plan, send debtor monthly statements and are authorized to speak to debtor about post-petition payments.** |
|---|---|

**SUMMARY OF PAYMENTS:**

| Class of Payment | | Amount to be paid |
|---|---|---|
| Payments by trustee [Part 3] | $ | **7,110.00** |
| Home mortgages in default [Part 6] | $ | **34,775.17** |
| Claims in Default [Part 7] | $ | **23,352.22** |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 8] | $ | **0.00** |
| Secured claims excluded from § 506 [Part 9] | $ | **0.00** |
| Priority Claims [Part 10] | $ | **4,818.69** |
| Domestic support obligation claims [Part 11] | $ | **0.00** |
| Separate classes of unsecured claims [Part 12] | $ | **0.00** |
| Timely filed unsecured claims [Part 13] | $ | **1,043.92** |
| TOTAL (must equal line 2.5) | $ | **71,100.00** |

Certification regarding nonstandard provisions:
I certify that this plan contains no nonstandard provision except as placed in Part 16.

Signed: **/s/ Wesley W. Scott**
         **Wesley W. Scott 0264787**
         Attorney for debtor or debtor if pro se

Signed: **/s/ Janine Lamont McQuillan**
         **Janine Lamont McQuillan**
         Debtor 1

Signed: _____
         Debtor 2 (if joint case)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re: Janine Lamont McQuillan                               Case No. 23-41493

                                                             Chapter 13
                    Debtor.

## NOTICE OF CONFIRMATION HEARING

PLEASE TAKE NOTICE that the Confirmation Hearing on the Chapter 13 Plan will hold a hearing on Thursday June 27, 2024 at 10:30 AM. The hearing will be conducted telephonically. Please dial 1-888-684-8852 to call in for the hearing. When prompted, enter access code: 5988550. When prompted, enter security code: 0428. Any person wanting to appear in person must contact Judge Fisher's Courtroom Deputy at 651-848-1061 at least 48 hours prior to the hearing.

Any objection to the modified plan shall be filed and served no later than 48 hours prior to the time and date set for the confirmation hearing.

Dated: June 17, 2024                        LIFE BACK LAW FIRM, P.A.

                                            /e/ JESSE A. HOROSHAK - #0387797
                                               Attorney for Debtor
                                               6445 Sycamore Court N.
                                               Maple Grove, MN 55369
                                               (320) 252-0330
                                               Jesse@lifebacklaw.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:  Case No. 23-41493

Janine McQuillan  Chapter 13

Debtor(s)

**DECLARATION OF MAILING CERTIFICATE OF SERVICE**

On 6/17/2024, I did cause a copy of the following document(s), described below:

Modified Plan and Notice of Confirmation Hearing

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of Stretto, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R. Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein. Said mailing matrix was downloaded from the District of Minnesota Bankruptcy Court's official court matrix on 6/17/2024.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 6/17/2024

/s/ Jesse A. Horoshak
Jesse A. Horoshak
Bar No. 0387797
LifeBack Law Firm, PA
6445 Sycamore Ct. N
Maple Grove MN 55369-0000
(612)843-0529
justice@lifebacklaw.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:  Case No. 23-41493

    Janine McQuillan  Chapter 13

    Debtor(s)

**CERTIFICATE OF SERVICE DECLARATION OF MAILING**

On 6/17/2024, I did cause a copy of the following document(s), described below:

Modified Plan and Notice of Confirmation Hearing

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document (s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 6/17/2024

Melissa Membrino
c/o Stretto
410 Exchange Ste 100
Irvine, CA 92602
(949) 222-1212
declaration@stretto.com

I certify that on 6/17/2024, I caused a copy of the Modified Plan and Notice of Confirmation Hearing to be served by First Class United States Mail service, with adequate postage to ensure delivery to:

EXHIBIT

| | | | | | |
|---|---|---|---|---|---|
| Federal Home Loan Mortgage Corporation, as T | | | Wilford, Geske & Cook, P.A. | 7616 Currell Blvd Ste 200 | Woodbury MN 55125-2296 |
| Minnesota Department of Revenue | | | Bankruptcy Section | PO Box 64447 | St Paul MN 55164-0447 |
| United States Attorney | | | 600 US Courthouse | 300 S 4th St | Minneapolis MN 55415-3070 |
| United States of America, Internal Revenue S | | c/o Adine S. Momoh | 600 U.S. Courthouse | 300 South 4th Street | Minneapolis MN 55415-1320 |
| Minneapolis | | | 301 Diana E. Murphy U.S. Courthouse | 300 South Fourth Street | Minneapolis MN 55415-1320 |
| AT&T | | | Bankruptcy Dept | 4331 Communications Dr, Flr 4W | Dallas TX 75211-1300 |
| Comenity Bank/Kingsize | | | Attn: Bankruptcy | Po Box 182125 | Columbus OH 43218-2125 |
| Driveway Finance Corp | | | 150 N Bartlett St | | Medford OR 97501-6015 |
| Driveway Finance Corporation | | | 150 North Bartlett St | | Medford OR 97501-6015 |
| First Premier Bank | | | Attn: Bankruptcy | Po Box 5524 | Sioux Falls SD 57117-5524 |
| Hennepin County Medical Center | | | 701 Park Ave | | Minneapolis MN 55415-1829 |
| Internal Revenue Service | | | Centralized Insolvency | PO Box 7346 | Philadelphia PA 19101-7346 |
| Kristine Spiegelberg Nelson | | | Smith Jadin Johnson PLLC | 7900 Xerxes Ave S., Suite 2020 | Bloomington MN 55431-1132 |
| MN Dept of Revenue | | | Attn: Denise Jones | PO Box 64447 | Saint Paul MN 55164-0447 |
| Manor Homes of Edina Condominium Association | | | Smith Jadin Johnson PLLC | 7900 Xerxes Ave S., Suite 2020 | Bloomington MN 55431-1132 |
| Manor Homes of Edina HOA | | | c/o Smith, Jadin, and Johnson | 7900 Xerxes Ave S; Ste 2020 | Bloomington MN 55431-1132 |
| Messerli & Kramer | | | 3033 Campus Drive | Suite 250 | Plymouth MN 55441-2685 |
| Midland Credit Management, Inc. | | | PO Box 2037 | | Warren MI 48090-2037 |
| Midland Credit Managment | | | 350 Camino De La | Suite 100 | San Diego CA 92108 |
| Midland Funding/Midland Credit Mgmt | | | Attn: Bankruptcy | Po Box 939069 | San Diego CA 92193-9069 |
| Park Nicollet | | | 3800 Park Nicollet Blvd. | | Minneapolis MN 55416-2699 |
| PORTFOLIO RECOVERY ASSOCIATES LLC | | | PO BOX 41067 | | NORFOLK VA 23541-1067 |
| Premier Bankcard, LLC | | | Jefferson Capital Systems LLC Assignee | Po Box 7999 | Saint Cloud MN 56302-7999 |
| Quantum3 Group LLC as agent for | | | Comenity Bank | PO Box 788 | Kirkland WA 98083-0788 |
| Select Portfolio Svcing, Inc | | | Attn: Bankruptcy | Po Box 65250 | Salt Lake City UT 84165-0250 |
| Janine Lamont McQuillan | | | 6812 Langford Dr. | | Edina MN 55436-1773 |
| Wesley W. Scott | | | LifeBack Law Firm, PA | 13 Seventh Ave S | St Cloud MN 56301-4259 |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re

Case No. **23-41493**

**Janine Lamont McQuillan**

Debtor(s).

# SIGNATURE DECLARATION

☐ PETITION, SCHEDULES & STATEMENTS
☐ CHAPTER 13 PLAN
☐ VOLUNTARY CONVERSION, SCHEDULES AND STATEMENTS
☑ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
☑ MODIFIED CHAPTER 13 PLAN
☐ OTHER (PLEASE DESCRIBE:_____)

I [We], the undersigned debtor(s) or authorized representative of the debtor, make the following declarations under penalty of perjury:

1. The information I have given my attorney for the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;

2. The Social Security Number or Tax Identification Number I have given to my attorney for entry into the court's Case Management/Electronic Case Filing (CM/ECF) system as a part of the electronic commencement of the above-referenced case is true and correct;

3. [**individual debtors only**] If no Social Security Number was provided as described in paragraph 2 above, it is because I do not have a Social Security Number;

4. I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration;

5. My electronic signature contained on the documents filed with the Bankruptcy Court has the same effect as if it were my original signature on those documents; and

6. [**corporate and partnership debtors only**] I have been authorized to file this petition on behalf of the debtor.

Date: 06/14/2024

X  /s/ Janine L. McQuillan

Signature of Debtor1 or Authorized Representative

X _____

Signature of Debtor 2

**Janine Lamont McQuillan**

Printed Name of Debtor 1 or Authorized Representative

Printed Name of Debtor 2